## MARY H. CHASE *vs.* ALFRED N. CHASE.

Barnstable.    January 22, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Marriage and Divorce.*

The provision of R. L. c. 152, § 21, that the party from whom a divorce has been granted shall not marry within two years after the decree has become absolute, applies only to a marriage with a third person and does not prohibit a remarriage of the divorced persons within the two years.

LIBEL filed September 26, 1904, under R. L. c. 151, § 11, by a woman who after having obtained a divorce from the libellee had married him again, for a decree of nullity of marriage on the ground that the second marriage was void under R. L. c. 152, § 21, because contracted by the libellee within two years after the decree against him for divorce had become absolute.

In the Superior Court *Bell*, J. ruled that the prohibition of R. L. c. 152, § 21, did not apply to a remarriage between the former husband and wife, and at the request of the libellant reported the case for determination by this court. If the ruling was correct the libel was to be dismissed; otherwise, a decree annulling the marriage was to be entered.

*A. F. Barker*, for the libellant.

No counsel appeared for the libellee.

KNOWLTON, C. J.   This is a libel for a decree of nullity of marriage.   The parties were first married in 1896.   The petitioner obtained a decree of divorce from the libellee in the Superior Court for the county of Plymouth, which became absolute on May 17, 1903.   On February 27, 1904, they were again married in the county of Barnstable, and lived together as husband and wife until July 12, 1904.   The libellant now asks that the marriage be declared void, on the ground that the husband could not lawfully marry again until the expiration of two years after the decree of divorce became absolute.

The statute referred to is as follows: " After a decree of divorce has become absolute, either party may marry again as if the other were dead, except that the party from whom the

divorce was granted shall not marry within two years after the decree has become absolute." R. L. c. 152, § 21. The only question is whether this statute forbids the remarriage of husband and wife who have been divorced, until the expiration of two years after the decree has become absolute. The purpose of the statute is to prevent the guilty party, after a divorce, from speedily forming a new matrimonial alliance. The reason for the prohibition has no application to a reunion of the divorced parties. Forgiveness of injuries is enjoined by the best religious teaching, and condonation of marital wrongs is encouraged by the law, as well as favored by the community on social and moral grounds. If the statute were construed as the petitioner desires, it would be impossible for a husband and wife, who had been divorced, to forgive each other's wrongful conduct, reconcile differences, and resume their marriage relations, until after the expiration of two years. There is no reason for such a prohibition, and its existence might sometimes be harmful.

If we give a strict construction to the language of the statute, we see that the permission relates in terms to a marriage to some other person than the divorced spouse. It is to " marry again as if the other were dead." The exception that postpones such a marriage of the guilty party for two years, refers only to a marriage " as if the other were dead," which by implication is a marriage to a third person.

We are of opinion that the ruling of the Superior Court was correct.

*Petition dismissed.*